UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC MICHAEL GRAVEL, | No. 2:14-cv-0012 KJN P |
| Petitioner, | |
| v. | ORDER |
| WARDEN JACK FOX, | |
| Respondent. | |

I. Introduction

Petitioner is a federal prisoner proceeding without counsel. Both parties consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that the Bureau of Prisons ("BOP") improperly calculated petitioner's sentence by not giving him credit for 87 days he spent in jail. As set forth more fully below, the court denies the petition.

II. Jurisdiction

Under 28 U.S.C. § 2241, habeas corpus relief is available to a federal prisoner in custody under the authority of the United States if he can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1) & (3). While a federal prisoner challenging the validity or constitutionality of a conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location,

1

or conditions of the execution of that sentence is required to bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."). Under § 2241, a habeas corpus petition must be brought in the judicial district of the petitioner's custodian. See id. at 865.

III.  Venue

Venue was proper in this district when this action was filed because petitioner was incarcerated at FCI-Herlong at the time. Petitioner has since been transferred to the U.S. Penitentiary Lompoc which is in the Central District of California. However, this court continues to exercise jurisdiction over this action, notwithstanding petitioner's transfer. See Francis v. Rison, 894 F.2d 353, 354 (9th Cir. 1990) ("'[J]urisdiction attaches on the initial filing for habeas corpus relief, and is not destroyed by a transfer of the petitioner and the accompanying custodial change.") (internal quotation marks and citations omitted).

IV.  Proper Respondent

In light of petitioner's transfer to Lompoc, the warden of Lompoc, Jack Fox, is substituted as respondent in this matter. See Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).

V.  Factual and Procedural Background

Petitioner is currently serving a 112 month federal prison sentence after pleading guilty to conspiracy to distribute 100 grams or more of heroin and 500 grams or more of cocaine, and unlawful user of drugs in possession of a firearm. (ECF No. 14-1[1] at 12-17.)

On September 21, 2004, petitioner was arrested on charges of possession of heroin, related to the instant federal offenses, and charged by information and affidavit in the Vermont

////

---

[1] ECF No. 14-1 is the declaration of Marcus Boudreaux, Management Analyst at the BOP's Designation and Sentence Computation Center. Mr. Boudreaux provided copies of records pertinent to the calculation of petitioner's sentence, and audited the sentence computation for petitioner. (ECF No. 14-1 at 2.)

1    Superior Court, Washington Criminal Division, in Case No. 962-9-04 Wncr.  (ECF No. 14-1 at
2    40.)  Petitioner was released the same day.  (Id.)
3           On October 23, 2004, petitioner was arrested for violating the conditions of his release
4    and charged in criminal case number 1088-190-04 Wncr, again in the Vermont Superior Court,
5    Washington Criminal Division.  (ECF No. 14-1 at 38.)  Petitioner was released the same day.
6    (Id.)
7            On October 29, 2004, petitioner was arrested and charged with unlawful mischief in
8    criminal case number 1208-11-04 Wncr.  (ECF No. 14-1 at 36.)  Petitioner was released the same
9    day.  (Id.)
10          On November 18, 2004, petitioner was arrested for violating the conditions of his release
11   and charged in criminal case number 1225-11-04 Wncr, again in the Vermont Superior Court,
12   Washington Criminal Division.  (ECF No. 14-1 at 38.)  Petitioner was released the same day.
13   (Id.)
14          On November 24, 2004, petitioner was arrested for failing to appear in court for criminal
15   case number 962-9-04 Wncr.  (ECF No. 14-1 at 40.)  According to the Vermont Department of
16   Corrections, petitioner was released on December 1, 2004.  (ECF No. 14-1 at 53.)  Petitioner's
17   release is not reflected on the criminal case docket sheet for case number 962-9-04 Wncr.  (ECF
18   No. 14-1 at 40.)
19          On December 18, 2004, petitioner was arrested for violating the conditions of his release
20   in criminal case number 1318-12-04 Wncr in the Vermont Superior Court, Washington Criminal
21   Division.  (ECF No. 14-1 at 31.)  Petitioner was released the same day.  (Id.)
22          On April 11, 2005, petitioner was sentenced in the Washington Circuit Vermont District
23   Court to a total term of 12 to 48 months of imprisonment in the following cases:  (1) case number
24   1318-12-04 for 1 month to 6 months; (2) case number 1208-11-04 for 1 month to 6 months; (3)
25   case number 1088-10-04 for 1 month to 6 months; (4) case number 1088-10-04 for 1 month to 6
26   months; (5) case number 1225-11-04 for 1 month to 6 months; (6) case number 1226-11-04 for 1
27   month to 6 months; and (7) case number 0962-09-04 for 6 months to 12 months.  (ECF No. 14-1
28   at 27, 73.)  All of these terms were ordered to be served consecutively to each other for a total

term of 12 to 48 months. (ECF No. 14-1 at 27.) Petitioner was released on bond on April 11, 2005, and was ordered to begin serving his state sentence on May 20, 2005. (ECF No. 14-1 at 32; 33; 35; 37; 39; 41.) Petitioner began serving his state sentence with the Vermont Department of Corrections on May 20, 2005. (ECF No. 14-1 at 27.)

The docket sheet for criminal case number 962-9-04 Wncr reflects "credit for time served 7 days." (ECF No. 14-1 at 73.)

On February 22, 2006, petitioner was indicted on federal charges in the United States District Court for the District of Vermont in case number 2:06-cr-0016. On February 28, 2006, a writ of habeas corpus ad prosequendum was issued by the United States District Court for the District of Vermont for the production of petitioner to appear before the court on March 14, 2006, to answer for the charges in the indictment. (ECF No. 14-1 at 43-44.) On March 22, 2006, petitioner was transferred from the Northern State Correctional Facility in Newport, Vermont, to the U.S. Marshal pursuant to the writ. (ECF Nos. 1 at 22-23; 14-1 at 47.)

On November 15, 2007, the United States District Court for the District of Vermont entered judgment against petitioner whereby he received a sentence of 112 months imprisonment after pleading guilty to conspiracy to distribute 100 grams or more of heroin and 500 grams or more of cocaine, and unlawful user of drugs in possession of a firearm. (ECF No. 14-1 at 12-17.) The sentencing court adjusted petitioner's sentence as follows:

> The Court finds that the conduct underlying the conviction set forth in paragraph 78 of the presentence report (Possession of Heroin - Vermont District Court; Washington Circuit, Dkt. No. 962-9-04 Wncr) is relevant conduct to the instant federal offense and was the basis for an increase in the offense level under Chapter Two of the sentencing guidelines. As such, pursuant to U.S.S.G. § 5G1.3(b), the Court adjusts the sentence for the 23 months of imprisonment already served on the undischarged Vermont sentence, as it will not be credited to [petitioner] by the Federal Bureau of Prisons under 18 U.S.C. § 3585.

(ECF No. 14-1 at 49.) The sentencing court also noted that it had considered the applicable United States Sentencing Guidelines, "including all departure authority contained in the Guidelines policy statements, as well as all of the factors enumerated in 18 U.S.C. § 3553(a)." ECF No. 14-1 at 49, citing United States v. Booker, 125 S. Ct. 738 (2005), and United States v.

4

1  Crosby, 397 F.3d 103 (2d Cir. 2005).  This sentencing adjustment resulted in petitioner's sentence
2  being reduced from 135 months to 112 months.  (ECF No. 14-1 at 49.)  The sentencing court also
3  ordered petitioner's federal sentence to be served concurrent with the undischarged Vermont
4  sentence.  (ECF No. 14-1 at 13.)
5         Petitioner's state sentence expired on November 16, 2007.  (ECF No. 14-1 at 47.)
6         On November 27, 2007, the BOP designated the Vermont Department of Corrections as
7  the designated facility for petitioner's service of his federal sentence pursuant to the sentencing
8  order, Program Statement 5160.05, and 18 U.S.C. § 3621(b).  (ECF No. 14-1 at 51.)
9         Under Willis v. United States, 438 F.2d 923 (5th Cir. 1971), petitioner received seven
10 days of credit toward his federal sentence for the period November 24, 2004, through December
11 1, 2004.  (ECF No. 14-1 at 24, 53, 58.)
12        In addition, petitioner received prior jail custody credits toward his federal sentence for
13 the following eight days:  September 21, 2004, October 23, 2004, October 24, 2004, October 25,
14 2004, October 29, 2004, November 18, 2004, December 1, 2004, and December 18, 2004.  (ECF
15 No. 14-1 at 24.)  These eight days were not credited toward petitioner's state sentence.  (ECF No.
16 1 at 12; 14-1 at 8.)
17 VI.  Discussion
18        Petitioner seeks an additional credit of 87 days toward his federal sentence.  Petitioner
19 claims that he reported to state prison on May 20, 2005, was released on July 5, 2005, returned to
20 custody on July 11, 2005 until August 5, 2005, was released, and then returned to prison again
21 from October 28, 2005 until November 4, 2005, for a total of 87 days.  (ECF No. 1 at 6, 23.)
22 Petitioner notes that the BOP will not credit petitioner these 87 days due to "lack of verification."
23 (Id.)  Petitioner contends that he is entitled to 87 days' credit because under § 3585, he can
24 receive credit for any other charge for which he was arrested after the commission of the offense
25 for which the current sentence was imposed.  (ECF No. 1 at 4.)  Petitioner contends that the state
26 charge that increased his offense level was the September 21, 2004 arrest, and the subsequent
27 confinement was exclusively a product of actions by federal law enforcement officials, which
28 resulted from the arrest.  (Id.)  Petitioner also contends that in adjusting the sentence under §

5G1.3(b), the sentencing judge "evidenced his clear intent that [petitioner's] federal sentence [was] to be concurrent with the pre-existing state sentence by giving credit to accurately reflect the time to be served on the federal offense." (ECF No. 1 at 6.)

Respondent argues that the time petitioner spent in state custody from May 20, 2005, until November 16, 2007, was completely credited toward his state sentence, thereby making him statutorily ineligible for credit against his federal sentence for that same period of time pursuant to 18 U.S.C. § 3585(b). (ECF No. 14 at 7-8.) In addition, respondent contends that petitioner properly received credit against his federal sentence for fifteen days he spent in Vermont state custody before he was sentenced in his six state cases. (ECF No. 14 at 8.) With regard to petitioner's claim that the federal sentencing judge's intent was to credit petitioner with additional custody credit based on his adjustment under U.S.S.G. § 5G1.3(b), respondent argues that only the sentencing court has authority to apply credit for time served on an undischarged term of imprisonment. (ECF No. 14 at 8.)

The authority to compute a federal prisoner's sentence is delegated to the Attorney General, who exercises this authority through the BOP. United States v. Wilson, 503 U.S. 329, 334-35 (1992). "Computing a federal sentence requires two separate determinations: first, when the sentence commences; and, second, to what extent the defendant in question may receive credit for any time already spent in custody." United States v. Smith, 812 F. Supp. 368, 370 (E.D. N.Y. 1993). A federal sentence commences "on the date the defendant is received in custody . . . to commence service of sentence at the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). In this regard, the Ninth Circuit has joined other circuits in noting that

> courts have interpreted § 3585(a) to mean that a federal sentence cannot begin before the defendant has been sentenced in federal court. See United States v. Gonzalez, 192 F.3d 350, 355 (2d Cir. 1999) (holding that a district court cannot "backdate" a federal sentence to the beginning of a state prison term on related state charges.); United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980) ("[A] federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.")

////

6

Schleining v. Thomas, 642 F.3d 1242, 1244 (9th Cir. 2011). The statute governing credits and the calculation of a federal term of imprisonment provides as follows:

> (b) Credit for prior custody. -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --
>
>   (1) as a result of the offense for which the sentence was imposed;
>
> or
>
>   (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

### A. Petitioner Received Credit Toward State Sentence

First, it appears that petitioner is under the misapprehension that the clause "that has not been credited against another sentence" is only applicable to the second subsection of § 3585(b). However, petitioner is mistaken. The clause applies to both subsection (b)(1) and subsection (b)(2).

Second, as set forth above, petitioner commenced serving his federal sentence on November 15, 2007. Prior thereto, from May 20, 2005, through November 16, 2007, petitioner was in state custody serving the state prison sentence imposed on April 11, 2005. On March 22, 2006, petitioner was removed to federal court pursuant to a petition for writ of habeas corpus ad prosequendum.[2] On November 16, 2007, petitioner concluded serving the state sentence imposed

---

[2] Petitioner's removal to federal custody pursuant to the petition for writ of habeas corpus ad prosequendum did not change his status as a state prisoner. Schleining, 642 F.3d at 1243 n.1 ("[T]his court has held that the temporary transfer of a prisoner from state prison to the BOP's custody for purposes of federal prosecution does not interrupt his state custody."); Reynolds v. Thomas, 603 F.3d 1144, 1152 n.8 (9th Cir. 2010) (when a defendant is brought from state custody to appear in federal court pursuant to a writ of habeas corpus ad prosequendum, he is still primarily in state custody and the state's priority of jurisdiction remains uninterrupted), abrogated on other grounds by Setser v. United States, 132 S. Ct. 1463, 1473 (2012) (federal district courts have discretion to order that a federal sentence run consecutively to an anticipated, but not-yet-imposed state sentence); Taylor v. Reno, 164 F.3d 440, 445 (9th Cir. 1998) (transfer to federal court pursuant to a writ of habeas corpus ad prosequendum does not transform a state prisoner

on April 11, 2005, which was credited toward petitioner's conviction in Vermont state court. Because petitioner received credit against his state sentence for the period of time he spent in custody from May 20, 2005, through November 2007, he is not statutorily entitled to additional credit against his federal sentence for that same time period. 18 U.S.C. § 3585(b); Wilson, 503 U.S. at 337 ("[C]ongress made clear [in 18 U.S.C. § 3585(b) ] that a defendant could not receive a double credit for his detention time"); Schleining, 642 F.3d at 1245 n.2 ("Here, however, Schleining's 21-month term in state custody before imposition of his federal sentence was credited against his state sentence. Therefore, the BOP would not have been able to credit that time against Schleining's federal sentence[.]"); Boniface v. Carlson, 856 F.2d 1434, 1436 (9th Cir. 1988) (applying the predecessor to 18 U.S.C. § 3585 and concluding that "[s]ince the State of Florida gave [petitioner] credit on his state sentence for the period of time he was denied release [from state custody], he is not entitled to credit against his federal sentence for the same period of time").[3]

   Petitioner does not allege that he failed to receive credit against his state sentence for the time he spent in state custody from May 2005 through November 2007. He could not. It is clear that he did receive credit for that time served against his state sentence imposed on his state convictions. Instead, petitioner is apparently contending that he should receive credit against his federal sentence for an 87 day period served in the custody of Vermont state prison officials because the federal charges stemmed from the charges underlying his Vermont state convictions. In other words, petitioner contends that because the criminal allegations underlying his drug

---

into a federal prisoner); Thomas v. Brewer, 923 F.2d 1361, 1365, 1367 (9th Cir. 1991) ("When an accused is transferred pursuant to a writ of habeas corpus ad prosequendum he is considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly.") (quoting Crawford v. Jackson, 589 F.2d 693, 695 (D.C. Cir. 1978)).

[3] In ground one of the petition, petitioner claims "miscalculation of sentence computation of good time credits by prison officials," and then argues he should receive 87 days prior jail credit. (ECF No. 1 at 3.) Petitioner does not argue in subsequent briefing that he should have received additional good time credits. But even if he had so argued, such argument would be unavailing. In Schleining, the Ninth Circuit found that the federal prisoner was not eligible for good conduct time for time served in state prison on state charges before being sentenced on a related charge in federal court. Id., 642 F.3d at 1243 (Good conduct time "can accrue only on the time a prisoner has 'actually served' on his federal sentence.")

1   charges in state court were the same criminal allegations resulting in his federal conviction, his
2   time spent in state custody due to the state court convictions should also be construed as time
3   spent in custody in connection with the federal charges. This contention lacks merit.
4   　　　The period of confinement served in state custody was predicated upon petitioner's
5   violation of Vermont state statutes, while the federal sentence was imposed for his violation of
6   federal law. The fact that petitioner's commission of a federal crime may have also constituted
7   grounds for his arrest on state charges does not mean that his arrest on September 21, 2004, was
8   for a federal offense. Put another way, petitioner was arrested on September 21, 2004, for
9   possession of heroin, in violation of 18 V.S.A. 4233(a)(1), a Vermont state law violation. (ECF
10  No. 14-1 at 40.) On February 22, 2006, petitioner was indicted on the federal charges, and was
11  sentenced on November 15, 2007, to conspiracy to distribute 100 grams of more of heroin and
12  500 grams or more of cocaine and unlawful user of drugs in possession of a firearm, in violation
13  of federal statutes, 21 U.S.C. §§ 846, 841; 18 U.S.C. §§ 922(g)(3); 924. (ECF No. 14-1 at 12.)
14  　　　Similarly, petitioner was not arrested on the federal charges on September 21, 2004, based
15  on the presence of an "ATF Agent," or an "ongoing federal investigation into a drug conspiracy."
16  Although an "ATF Agent" may have been present, petitioner was arrested by state authorities on
17  September 21, 2004, for state law violations. (ECF No. 14-1 at 40.) The docket sheet for
18  criminal case number 962-9-04 Wncr notes petitioner's arrest on September 21, 2004, by the
19  "Barre City PD ["Police Department"]. (ECF No. 14-1 at 40.) Petitioner concedes he was
20  detained at the Barre City Police Department pending arraignment in state court, and was
21  subsequently arraigned in state court. (ECF No. 18 at 3.) The fact that petitioner was subject to
22  an ongoing federal investigation by federal law enforcement officials at the time of his arrest on
23  September 21, 2004, on state law charges does not somehow transform petitioner's subsequent
24  jail custody time into federal custody. Analysis of petitioner's claims does not turn on the
25  pendency of the federal criminal investigation.
26  　　　Moreover, petitioner did not commence serving his federal sentence until November 15,
27  2007, the date he was sentenced in federal court to federal charges.
28  ////

In any event, regardless of whether petitioner's criminal activities underlying his Vermont state court convictions also served as the basis for the subsequent federal charges, petitioner received credit for all the time he spent in state custody against his sentence on state charges; therefore, under the applicable federal statutes he cannot receive credit against his federal sentence for this same period of time. See 18 U.S.C. § 3585(b); Wilson, 503 U.S. at 337; Schleining, 642 F.3d at 1245 n.2.[4]

Further, petitioner was exclusively in state custody from May 20, 2005, through November 15, 2007, when he was sentenced in federal court. Under these circumstances, petitioner is not entitled to credit against his federal sentence for this time. Thomas v. Brewer, 923 F.2d 1361, 1365 (9th Cir. 1991) ("the first sovereign to arrest a defendant has priority of jurisdiction for trial, sentencing, and incarceration"); United States v. Graham, 538 F.2d 261, 265 (9th Cir. 1976) ("Unless time is served in federal custody, it does not count as credit for time served under a federal sentence").

In addition, the fact that petitioner's federal sentence was ordered to run concurrently with any state prison term that petitioner was serving at the time of his sentencing on the federal charges on November 15, 2007, has no bearing on whether he is entitled to the double credit he seeks here, because at the time he was sentenced in federal court he had only one more day to serve on his state sentence. See Schleining, 642 F.3d at 1248 n.8 ("Although a district judge has discretion under U.S.S.G. § 5G1.3 to consider the defendant's past state incarceration on related charges in determining an appropriate sentence, any concurrent sentence he issues is entirely

////

---

[4] In his response, petitioner argues that his state custody was "exclusively the product" of the action taken by federal law enforcement officials, relying on the Fifth Circuit's opinion in Ballard v. Blackwell, 449 F.2d 868, 869 (5th Cir. 1971). (ECF No. 18 at 19.) However, Ballard was interpreting the time-crediting statute in effect at the time, 18 U.S.C. § 3568. Section 3568 was repealed by the Sentencing Reform Act of 1984 and replaced by § 3585. Wahl v. Bureau of Prisons Officers, 281 Fed. Appx. 359, 360 (5th Cir. 2008). Section 3585 applies to cases, like petitioner's, where the offense was committed after November 1, 1987. Id. Thus, as discussed above, under § 3585, a prisoner is only entitled to federal credit if he has not already received credit against another sentence, such as his state sentence. See 18 U.S.C. § 3585(b). Accordingly, petitioner's argument is without merit.

1  prospective.") Here, petitioner's state sentence expired on November 16, 2007, one day after he
2  was sentenced in federal court.
3  Petitioner contends that Cozine v. Crabtree, 15 F.Supp.2d 997, 1011 (D. Or. 1998),
4  compels this court to grant relief. (ECF No. 18 at 12.) In Cozine, the court determined that "the
5  United States had primary jurisdiction over Cozine at the time sentence was imposed, with no
6  other pending convictions or sentences to serve." Id. at 1020. Here, by contrast, Vermont had
7  taken primary jurisdiction of and did not release petitioner to federal custody until November 15,
8  2007, the date on which the BOP started the clock running on his federal sentence. In addition,
9  the BOP's decision in Cozine was predicated on 18 U.S.C. § 3584, not 18 U.S.C. § 3585.
10 Accordingly, Cozine is inapposite.
11     B. Willis/Kayfez Credits
12 Petitioner argues that he should not be denied credit for the 87 days based on Willis,
13 because petitioner's case is factually distinguishable from the facts underlying Willis, and that
14 petitioner is entitled to credit for the 87 days under the out-of-circuit case Kayfez v. Gasele, 993
15 F.2d 1288 (7th Cir. 1993). In his declaration, petitioner claims that he was returned to prison on
16 February 8, 2006, and his "probation was revoked due to an impending federal detainer." (ECF
17 No. 18 at 26.)
18 Petitioner is correct that the language of 28 U.S.C. § 3585(b) does not provide for any
19 exceptions. Id. However, BOP policy is to award presentence custody credits already credited to
20 a concurrent state sentence in two narrow circumstances where the BOP has determined that the
21 credits will be of "no benefit" to the federal prisoner. These credits are called Willis and Kayfez
22 credits and are based on judicially-created exceptions to § 3585(b) set forth in Kayfez v. Gasele,
23 993 F.2d 1288 (7th Cir. 1993), and Willis v. United States, 438 F.2d 923 (5th Cir. 1971).
24 However, neither case applies here because both are out-of-circuit district court cases not
25 controlling here, and neither case is on point. Kayfez presented a complicated and unique factual
26 scenario in which the defendant's state sentence had been vacated. Id., 993 F.2d at 1289.
27 In Kayfez, the court was concerned that the petitioner's concurrent non-federal sentence had been
28 vacated, thus destroying all concurrent credit. Subsequently, the Seventh Circuit noted the

11

limited reach of Kayfez, stating that Kayfez does not require federal pre-sentence credits for time served after the commencement of a separate state sentence. Grigsby v. Bledsoe, 223 Fed. Appx. 486, 489 (7th Cir. 2007) (Since the inmate "obtained credit for this period from the state, he is not entitled to the same benefit from the BOP merely because his subsequent federal sentence was ordered to run concurrently.").

In Willis, the Fifth Circuit was concerned that the defendant had initially spent time in state custody only because he was subject to a federal detainer and therefore should get federal credit for that time. Id., 438 F.2d at 925 (where a defendant "was denied release on bail because the federal detainer was lodged against him, then that was time 'spent in custody in connection with the [federal] offense,' . . . since the detainer was issued upon authority of the appellant's federal conviction and sentence."). To be eligible for Willis credits, the inmate must be serving a concurrent federal sentence and the inmate must not actually benefit from a credit to his state sentence. See Cruz v. Sanders, 2008 WL 5101021, at *2 (C.D. Cal. Dec. 2, 2008) (noting that BOP policy permits "award[ing] presentence custody credits already credited to a concurrent state sentence in two narrow circumstances where the BOP has determined that the credits will be of 'no benefit' to the federal prisoner.").

Here, despite petitioner's arguments, petitioner was not subject to a federal detainer either during the 87 day period for which he seeks credit, or after he was taken into custody by the U.S. Marshal pursuant to the writ of habeas corpus ad prosequendum. In United States v. Mauro, the Supreme Court addressed this issue and held that a writ of habeas corpus ad prosequendum "issued by a federal court to state authorities, directing the production of a state prisoner for trial on criminal charges, is not a detainer within the meaning of the [Interstate] Agreement [on Detainers Act] and thus does not trigger the application of the Agreement." United States v. Mauro, 436 U.S. 340, 349 (1978).

Moreover, petitioner's argument concerning Willis credits are unavailing. The fact that the BOP awarded petitioner seven days of Willis credits does not entitle petitioner to an additional credit of 87 days for the 2005 time frame. In order for petitioner to be entitled to credit for these 87 days, he would have to demonstrate that his circumstances during the 87 day periods

in 2005 were the same or similar to those presented in either <u>Willis</u> or <u>Kayfez</u>.  Petitioner's circumstances do not meet such narrow exceptions.  Petitioner was in state custody in 2005.  Indeed, the federal indictment did not issue until February 22, 2006, and petitioner was not sentenced in federal court until November 15, 2007.  In 2005, petitioner was not awaiting trial on the federal charges; he was not on bail, he was not being held in federal custody solely subject to a federal detainer, and a concurrent non-federal sentence had not been vacated.  Moreover, as set forth above, petitioner's state and federal sentences could not have run concurrently prior to November 15, 2007, because his federal sentence did not commence until November 15, 2007.  Therefore, petitioner's arguments are unavailing.

### C.  U.S.S.G. § 5G1.3(b)

Finally, the record reflects that the sentencing court adjusted petitioner's sentence by 23 months under U.S.S.G. § 5G1.3(b), twenty months for the time served on his state sentence, and three months for good time credit.  (ECF No. 19 at 13.)  Petitioner appears to argue that the sentencing judge failed to credit petitioner the additional 87 days by "oversight or omission."  (ECF No. 18 at 5.)  Petitioner suggests that the BOP's calculation of his time credits is not consistent with the intent of the U.S. District Judge who sentenced him.  Petitioner provided specific pages of the sentencing transcript, pages 8-9, 30, and 38-40, to support his claim.  (ECF No. 19 at 8-14.)

In 2007, section 5G1.3(b) read as follows:

> (b) If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:
>
> (1) The court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and

////

>     (2) The sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

U.S.S.G. § 5G1.3(b).

Here, the sentencing judge found that all of the underlying criminal conduct was related to petitioner's addiction, and to the "same particular offense, including obstruction," and that there was "merit to an adjustment under 5G1.3 to accommodate for the time that [petitioner] already served in connection with any offenses related to this overall conspiracy together with the credit that he would have received had he been serving that in . . . federal sentence." (ECF No. 19 at 12-13.)  The sentencing judge stated that petitioner "actually served 20 months." (ECF No. 19 at 13.)  Petitioner was ordered to serve the federal sentence concurrently with the undischarged term of state imprisonment.  (ECF No. 19 at 14.)

However, petitioner did not indicate to this court whether he sought relief, by way of motion brought pursuant to Rule 35 of the Federal Rules of Criminal Procedure, or motion to correct sentence pursuant to 28 U.S.C. § 2255, filed in the U.S. District Court for the District of Vermont where he was federally prosecuted and sentenced.  Review of the electronic docket sheet for criminal case number 2:06-cr-0016 in the District of Vermont reflects that petitioner has not filed Rule 35 or § 2255 motions before the sentencing court.

Moreover, this court has no authority to correct or adjust petitioner's sentence under § 5G1.3.  Motions to contest the legality of a sentence must be filed under 28 U.S.C. § 2255 in the sentencing court.  Hernandez, 204 F.3d at 864 ("motions to contest the legality of a sentence must be filed under [28 U.S.C.] § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to [28 U.S.C.] § 2241 in the custodial court"); see also United States v. Drake, 49 F.3d 1438, 1440 (9th Cir. 1995) ("The applicability of a Guidelines provision is a question for the sentencing court.").[5]  If

---

[5] But see out-of-circuit case Rios v. Wiley, 201 F.3d 257 (3rd Cir. 2000) (resolving the issue in a section 2241 proceeding based on the unique circumstances of that case), superseded on other grounds by newer version of U.S.S.G. § 5G1.3(b), as recognized in United States v. Saintville, 218 F.3d 246 (3d Cir. 2000).

petitioner believes that he was sentenced incorrectly, his remedy is to apply for relief from the sentencing court in the District of Vermont. See, e.g., Campos-Villa v. Adduci, 2012 WL 760616, at *3 (C.D. Cal. 2012) ("Section 5G1.3 is a provision implemented by a judge at sentencing, not by the BOP in calculating the length of a sentence.").

Accordingly, this court cannot grant petitioner a sentencing credit pursuant to U.S.S.G. § 5G1.3.

VII. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Warden Jack Fox is substituted as respondent herein;

2. Petitioner's motion for leave to file amendments (ECF No. 19) is granted; and

3. The § 2241 petition is denied.[6]

Dated:  September 18, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

grav0012.2241

---

[6] This ruling does not address any claim petitioner may have before the sentencing court pursuant to 28 U.S.C. § 2255.